Robert H. CROSBY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17143.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 1, 1962.

Decided Dec. 20, 1962.

Mr. Raymond W. Bergan, Washington, D. C., with whom Mr. Thomas A. Wadden, Jr., Washington, D. C. (appointed by this court), was on the brief, for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from a judgment of conviction of assault with intent to commit robbery, in violation of 22 D.C.Code § 501, followed by a sentence to imprisonment for a period of three to ten years. Before the trial a motion was filed by appellant's appointed counsel for suppression of evidence claimed to have been obtained as the result of an illegal arrest, made without a warrant. At the hearing on this motion appellant and two other witnesses testified that the arresting officers in the early morning forcibly entered the apartment where appellant was arrested and used brutality in making the arrest.[1] The officers denied they

1. Appellant's friend, Shirley Ann Johnson, testified that two officers came to her apartment door which she opened slightly or "cracked" and which the police pushed

struck appellant. Following the arrest appellant made a confession at police headquarters. The pre-trial motion to suppress was directed at this confession, to fingerprints taken after the arrest, and to the "line-up identification" at police headquarters. The basis stated for the motion was the illegality of the arrest. Upon finding that in fact an arrest warrant had issued, the court denied the pre-trial motion to suppress.

Defense counsel also moved at the trial itself, presided over by a different judge, that evidence stemming from the arrest be suppressed and explicitly asked that the jury be excused. This motion was also denied. Still later counsel again sought to have the jury excluded, at which point the Assistant United States Attorney stated, "We have gone into this before." Counsel urged once more, "Your Honor, I think I am bound in behalf of the defendant to have the jurors excluded." During a colloquy which ensued between court and counsel it appears that counsel expressed his objection to the confession in terms of an illegal arrest, not in terms of coercion or involuntariness. The court again denied the motion. Shortly thereafter in response to the court's query, prompted by an objection to counsel's line of cross-examination, counsel stated: "There was a confession, and I think the confession was coerced and that that is part of the coercion." He was allowed to proceed in open court with questions with respect to possible coercion, though such testimony should have been given in the first instance with the jury excluded.

After both sides rested defense counsel stated to the court that he "would have one instruction, to show the confession was given voluntarily," obviously meaning he desired an instruction that the jury in order to consider the confession must find it to have been voluntary. The court responded, "That is already in the instructions to be given." However, no such instruction was given.[2]

Counsel appointed by this court on the appeal properly urges that the trial judge should have held a hearing, with the jury excluded, on the issue of voluntariness of the confession. That a defendant against whom a contested confession is offered is entitled to have the issue of its voluntariness preliminarily considered by the trial court on the basis of a hearing with the jury excluded is well established in this jurisdiction. See, e. g., our recent decisions in Bray v. United States, 113 U.S.App.D.C. 136, 306 F.2d 743 (1962) and Wright v. United States, 102 U.S.App.D.C. 36, 250 F.2d 4 (1957). The duty of the trial court in this respect, as we said in Wright, is "mandatory." The Government contends,

open so as to gain access. They proceeded to search her apartment without exhibiting any warrant and without asking permission to search, looking for appellant, according to her testimony. The police, she said, found Crosby in a closet, dragged him out into the room, hit him with their fists, and handcuffed him before taking him off to the police station.

Miss Johnson's mother, Helen Tatum, who lived in the same building, testified that she heard "Robert Crosby crying out loud like a man who was being beaten or hurt" and that her daughter called out to her, "Mommy, come here. They are beating up Bobby." When she entered the room where the others were, this witness said she saw the appellant on his knees with his hands fastened behind his back.

And appellant himself testified that when he was dragged from the closet the police knocked him to the floor, using abusive language, and began hitting him so that his nose bled, staining his clothes. Appellant stated the police hit him "two or three times."

2. The instruction on the confession was as follows:

"In this case there has been evidence of a certain oral confession or admission made by the defendant to the police officers. There has been testimony that this confession or admission was reduced to a written statement by the police officers. You are instructed, members of the jury, that evidence of such an oral confession or admission by the defendant should be received and viewed carefully, and should be given such weight and consideration as you believe it is entitled to under all the facts and circumstances of the case."

however, that appellant did not request a hearing on the issue of voluntariness. But when it appears that a confession is under attack as coerced or otherwise involuntary, as here clearly appeared at the trial, the jury should be excluded and evidence taken on this issue, upon the resolution of which may depend the admissibility of the confession. In this case one ground of attack on the confession—however inartfully expressed—was that it was coerced, and defendant sought a hearing on that issue. In addition to what we have already pointed out, defense counsel during a subsequent colloquy between the court and both prosecuting and defense counsel, on whether any police brutality had been shown, stated, "I wish to be heard on that particular point. That is why I asked the jurors to be excused. * * * I had the witness Shirley Johnson here."[3]

In concluding that the request was sufficiently manifested we have in mind that the trial court must be presumed to know that such a hearing is in order when there is a question as to the voluntariness of a confession which is offered in evidence.

There is no basis whatever for speculating that the lack of greater explicitness of counsel in framing his requests for the hearing was due to trial strategy which somehow failed of its purpose. There is no doubt in our minds that he objected to the confession as coerced as well as being the result of an allegedly illegal arrest, and that he sought a hearing with the jury excluded. We would be abandoning substance for form not to recognize this.

■ In the face of substantial evidence of guilt an appellate court will affirm a conviction if the only error is harmless. Rule 52(a), Fed.R.Crim.P. But where the error is in the admission of a coerced confession the harmless error rule does not apply. Reversal is required. See Payne v. Arkansas, 356 U. S. 560, 568, 78 S.Ct. 844, 2 L.Ed.2d 975. While the issue of coercion was not resolved in our case, the error in admitting the confession without resolving the issue calls for the same result.

■ Denial of the hearing with the jury excluded requires reversal. Should the confession be admitted on retrial, an appropriate instruction should be given. Wright v. United States, 102 U.S.App. D.C. at 45, 250 F.2d at 13.

We are also urged to pass upon the conduct of the prosecuting attorney during his closing argument in making personal remarks about defense counsel. It is urged that this conduct prejudiced defendant's case in the eyes of the jury, depriving him of a fair trial. Since there is reversible error in the respect already considered, we need not go into this. Should there be a retrial no doubt all participants will avoid excesses claimed to have occurred in the previous trial.

As to the contentions growing out of the claim of unlawfulness of the arrest, we are unable to say on this record that the arrest was illegal.

Reversed.

BASTIAN, Circuit Judge (dissenting).

I think the judgment of the District Court should be affirmed, as the trial court was not at any time asked to try the issue of the voluntariness of the confession, out of the presence of the jury or otherwise. The facts are these:

Defendant, on February 17, 1961, filed a motion to suppress the following, allegedly obtained from him in the District of Columbia "without a warrant":

"1. Confession
2. Fingerprints
3. Line-up Identification"

As grounds for the motion, defendant alleged that his arrest and his detention pursuant thereto were illegal, and that the property obtained from him was taken by unreasonable search and seizure within the meaning of the Fourth Amendment to the Constitution.

---

3. This witness testified at the pre-trial hearing to the acts of brutality here adverted to. See note 1, supra.

At the hearing on the motion to suppress, before District Judge Tamm, defendant's counsel stated his position as follows:

"My position is that all these procedures which took place without the officers having an arrest warrant or a search warrant and knowing for some period of time that the defendant was in the Metropolitan Area, did not afford themselves the opportunity to apply for a search warrant or an arrest warrant and that the officer who made the arrest was a long-experienced officer of the Metropolitan Police Force."

The entire argument of counsel on this motion had to do with the existence or nonexistence of a warrant. The hearing was continued to a later date, at which time the defendant's counsel admitted that an arrest warrant was issued on December 20, 1960, and was outstanding on the day of the arrest, January 23, 1961. At the conclusion of testimony, Judge Tamm said:

"The witness Samen testified he had the warrant with him; that he, Samen, had the warrant with him.
\* \* \*"

Finding that an arrest warrant was outstanding at the time of the arrest, the court denied the motion to suppress.

Not one word in the motion had to do with suppression of the confession on the ground of alleged coercion. There was some testimony at the hearing, clearly irrelevant to the motion, to the effect that defendant was beaten at the time of his arrest. This was denied by the police officers.

The case came on for trial before another judge. The first witness called was the man who had been stabbed and robbed. While he was on the stand, he was asked to identify the robber, and he pointed to defendant. Thereupon the following occurred:

"[Counsel for defendant]: Your Honor, I wish to make a motion on the ground of illegal arrest.

"The Court: Wait until it comes around. There has been no arrest shown here yet. This man testified that he sees the man in court who committed the crime. And the record will show he identified him."

There then was testimony that, after defendant's arrest, the complaining witness identified him in a line-up. Addressing the court when the matter of the confession came up, counsel for defendant said:

"Your Honor, I think I am bound in behalf of the defendant to have the jurors excluded.

"The Court: For what?

"[Counsel]: *Because the arrest was illegal.*" [Emphasis supplied.]

On being asked how the arrest was illegal, defense counsel said:

"Your Honor, [the officer] did not have the warrant in his possession."

Again not one word was said about having the jury excluded, to hear testimony before the court on the question of coercion.

On cross-examination of one of the arresting officers, counsel for defendant said:

"There was a confession, and I think the confession was coerced and that that is part of the coercion."

At that time, also, no application was made for testimony out of the hearing of the jury.

When the confession was offered in evidence, the following occurred:

"The Court: You can make any objection you have to it.

"[Counsel for defendant]: I object *on the ground that the arrest was illegal.*" [Emphasis supplied.]

Not one word was said to indicate that the objection was made on the ground that the confession was coerced. Nor was any request made to have the question of coercion heard out of the presence of the jury.

Defendant rested his case after the Government closed, and no attempt whatsoever was made, nor was there any of-

fer, to show that the confession was coerced.

We do not know, of course, the strategy of trial counsel in this matter. It might well be he believed that any evidence he had on the question of coercion was unreliable and the point of illegal arrest was the stronger, and that he did not wish to raise an issue which might prejudice defendant's case. However that may be, the fact is that counsel made no request to be heard on the question of coercion.

In my opinion, this case should not be reversed. There was absolutely no indication to the trial judge, or to the Government, that a hearing on the question of coercion was desired, and the fact that present counsel believes the strategy of the trial lawyer was wrong should not cause reversal, particularly where, as here, there was such overwhelming and uncontradicted evidence of guilt.